**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 24-2 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S OPENING BRIEF AND THE APPENDIX**

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 120-day extension of time in which to file his opening brief in the above-captioned matter. Undersigned counsel have conferred with counsel for the government, and the government does not object to the requested extension.

In support of this request, counsel for Appellant states the following:

1. Mr. Runyon was tried and convicted of conspiracy to commit murder-for-hire and associated crimes in the Eastern District of Virginia and sentenced to death. His conviction and sentence were affirmed by this Court, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and the Supreme Court of the United States denied certiorari, *Runyon v. United States*, 574 U.S. 813 (2014).

2. Mr. Runyon timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. After the district court dismissed the motion without discovery or an evidentiary hearing, this Court granted a certificate of appealability as to four issues, and vacated the dismissal on one of those grounds. *See United States v. Runyon*, 994 F.3d 192, 204–09 (4th Cir. 2021). This Court remanded the case for an evidentiary hearing on Mr. Runyon's claim that his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness (Claim 6 of his petition).

3. The district court held a 15-day evidentiary hearing, with testimony from thirteen lay witnesses and six expert witnesses. Lay witnesses testified about Mr. Runyon's familial, medical, and psychosocial history. The expert witnesses offered dense, complex, and technical testimony interpreting brain scans, medical records, and other data points to assess Mr. Runyon's brain damage and its behavioral effects.

4. After the hearing and months before the district court issued a decision on Claim 6, Mr. Runyon filed a motion to supplement and amend, or for reconsideration of, Claim 9 of his 28 U.S.C. § 2255 motion, in light of intervening Supreme Court precedent (the "Claim 9 Motion"). ECF Nos. 915 & 916.

5. The district court denied relief on Claim 6 on June 14, 2024. ECF No. 921. Although Mr. Runyon's Claim 9 Motion remained pending, the clerk entered

judgment on Claim 6 of Mr. Runyon's § 2255 Motion. ECF No. 923.

6.      Because the district court had not yet ruled on Mr. Runyon's Claim 9 Motion, Mr. Runyon filed a Motion for Relief From Judgment Under Fed. R. Civ. P. 60 on July 11, 2024, arguing that the clerk's entry of judgment was premature because there was not yet a final order in the case. ECF No. 924.

7.      On August 6, 2024, the district court denied relief on the Claim 9 Motion and denied Mr. Runyon's Rule 60 Motion. ECF No. 927. It held that this Court had "remanded this case for the limited purpose of conducting further proceedings on Claim 6" and the relief Mr. Runyon sought on Claim 9 "was not before the court when the Clerk entered the Judgment." *Id.* at 19. On that basis, it held that "[t]he court's Opinion of June 14, 2024, denied all relief as to the only claim before it and the Clerk appropriately entered the Judgment after the court denied all relief on that claim." *Id.*

8.      Under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), Mr. Runyon's time for appeal ran from the entry of the court's August 6, 2024, order denying the Rule 60 motion, and would have expired October 7, 2024. But out of an abundance of caution and because of the high stakes of this capital case, Mr. Runyon chose to file his notice of appeal early, just in case—for whatever reason—the time for appeal was construed to have run from the June 14, 2024, order. Accordingly, he rushed to prepare and file a notice of appeal after receiving the district court's August

3

6 opinion, filing it six days later, on August 12, 2024.

9.	This Court issued a briefing order, directing Mr. Runyon to file his opening brief and joint appendix by September 24, 2024. Mr. Runyon hereby asks for a 120-day extension, to and including January 22, 2025, for several reasons.

10.	First, a motion for extension of time is necessary in order to provide counsel time to adequately review the record, and to identify, develop, and present issues appropriate to this appeal. The district court's two opinions span 120 pages, and its disposition of both claims raises complex, multilayered issues. Mr. Runyon must address: (1) the merits of two significant constitutional claims; (2) numerous evidentiary issues from the district court's 15-day hearing; and (3) complex questions of habeas procedure concerning his filing of the motion to amend or supplement his Claim 9. In addition to the merits of the claims, Mr. Runyon also must address his entitlement to a certificate of appealability.

Adding to the difficulty of this task, the record in this case is expansive. The transcript from the evidentiary hearing alone spans more than 2,500 pages, and more than 175 exhibits were admitted into evidence. Much of the transcript involves expert testimony and evidence relating to neuropsychiatry, neurology, neuropsychology, forensic psychology, and neuroradiology. That is on top of a voluminous trial record, all of which is critically important for assessing whether Mr. Runyon's trial counsel was constitutionally ineffective and whether he was

prejudiced by the ineffectiveness. Undersigned counsel are both relatively new to this case, which began in 2008: Counsel Ali was appointed in May 2023, and Counsel Lee was appointed in November 2023.[1]

Given the complexity of these issues and the stakes of this capital case, counsel for Appellant cannot conduct the careful briefing and thorough research needed to provide this Court with a professionally adequate appellate brief by September 24, 2024.

11. Furthermore, Mr. Runyon is responsible for compiling the Appendix. This is a laborious task that, without an extension of time, will significantly impinge on counsels' time to analyze and to write the opening brief.

12. Adding to the time pressure in this appeal is the fact that undersigned counsel believed that their time to appeal would be tolled during the pendency of Mr. Runyon's Rule 60 Motion. As explained above, counsel felt it was necessary to file the notice of appeal early and with haste after the district court's opinion on the Claim 9 Motion, since the opinion suggested (wrongly, in counsel's view) that the Claim 9 Motion was improper. Filing the notice of appeal early—which counsel

---

[1] After Mr. Runyon noticed his appeal, this Court automatically appointed two of Mr. Runyon's three appointed counsel from the district court, Kathryn Ali and Elizabeth Peiffer. Mr. Runyon has since moved to substitute as appointed counsel Robert Lee to replaced appointed counsel Peiffer. The government did not oppose this motion. Accordingly, Mr. Runyon has included information about Counsel Lee's history with the case and availability in this motion.

determined was necessary in order to be absolutely certain they were preserving a death-sentenced prisoner's right to appeal—significantly compressed counsel's expected timeframe for preparing Mr. Runyon's opening brief.

13. An extension is also necessary because undersigned counsel have numerous competing deadlines during the time for filing the opening brief. Counsel Ali has four other pending appeals, including three with conflicting deadlines during the current time for preparing Mr. Runyon's opening brief, and one that is currently being held in abeyance: *Agofsky v. Federal Bureau of Prisons*, No. 24-2007 (7th Cir.), *Lowy, et al. v. Daniel Defense, et al.*, No. 1:23-cv-01338 (E.D. Va.) (notice of appeal filed August 22, 2024), *Wall v. Rasnick, et al.*, No. 7:17-cv-00385 (W.D. Va.) (notice of appeal to be filed within days), and *Peninsula Pathology Associates v. American International Industries*, No. 23-1972 (4th Cir.). Additionally, she is preparing for trial in a complex class action litigation, *Thorpe v. Va. Dep't of Corr.*, No. 2:20-cv-00007 (W.D. Va.), an evidentiary hearing in a trial-stage death penalty case in Kansas, *State of Kansas v. Fielder*, No. 18-cr-640 (Wyandotte Cty. Dist. Ct.), and has at least five other active matters at investigation, pleading, briefing, or discovery stages that she is simultaneously working on. Counsel Ali is a partner at a three-attorney law firm and has limited flexibility to adjust her work obligations to accommodate the needs of this appeal.

Counsel Lee has an August 29, 2024, filing deadline for a memorandum brief

on behalf of a client sentenced to death in Mississippi in post-conviction proceedings pursuant to 28 U.S.C. § 2254. *Batiste v. Cain*, No. 1:22-cv-00108 (N.D. Miss.). Lee also has a client sentenced to death in South Carolina. *Owens v. Stirling*, No. 0:16-cv-02512 (D.S.C.). This client was just denied relief in litigation challenging the constitutionality of execution by electric chair and firing squad, and related state statutes governing executions. *Owens, et al v. Stirling, et al*, Appellate Case No. 2022-001280 (S.C. July 31, 2024). Rehearing was denied on August 16, 2024, and the South Carolina Supreme Court issued a notice to set an execution date on August 23, 2024. This notice triggers a state statute that requires an execution date to be set on the fourth Friday after receiving notice, which will be September 20, 2024. S.C. Code § 17-25-370. Commitments to these clients would likely prevent Lee from beginning to address matters in Mr. Runyon's appeal in a substantial way until after his South Carolina client's clemency application and collateral litigation regarding his execution are resolved.

14. Good cause exists for the extension, and this motion is not made for any improper purpose or delay. The interests of the government are not harmed by granting Mr. Runyon's request.

**CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully request that the Court extend Appellant's deadline to file his opening brief to January 22, 2025.

Dated: August 23, 2024

/s/ *Kathryn M. Ali*
Kathryn M. Ali
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW,
  Suite 900
Washington, D.C. 20001
Telephone: 202-651-2475
katie.ali@alilockwood.com

Robert Lee
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone: 434-817-2970
roblee@vcrrc.org

*Counsel for Appellant David Runyon*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,634 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*