# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 24-2, United States v. David Anthony Runyon |
| **Originating No. & Caption** | Nos. 4:08-cr-16/4:15-cv-108, United States v. David A. Runyon |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 2253(a) | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | June 14, 2024 & August 6, 2024 | |
| Date notice of appeal or petition for review filed | August 12, 2024 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | July 11, 2024 | |
| Date order entered disposing of any post-judgment motion | August 6, 2024 | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | |
|---|---|
| Case number of any prior appeal in same case | Nos. 9-11, 17-5 |
| Case number of any pending appeal in same case | n/a |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Delligatti v. U.S., No. 23-825 |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. |
| Is expedited disposition necessary? | ○ Yes    ● No |
| | If yes, motion to expedite must be filed. |
| Is oral argument necessary? | ● Yes    ○ No |
| Does case involve question of first impression? | ○ Yes    ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes    ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Mr. Runyon was tried and convicted of conspiracy to commit murder-for-hire, carjacking resulting in death, and murder with a firearm in relation to a crime of violence. He received two death sentences and one sentence of life without possibility of release. His convictions and sentences were affirmed on appeal. He filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting 18 grounds for relief, including (1) that his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness ("Claim 6"), and (2) that his conviction for violating 18 U.S.C. § 924(c) is invalid because the predicate crimes relied on for conviction do not qualify as crimes of violence ("Claim 9"). The district court denied all relief without discovery or a hearing. This Court vacated the denial and remanded for an evidentiary hearing on Claim 6. On remand, the district court conducted a 15-day hearing. While that issue was pending before the court, Mr. Runyon moved to amend or supplement, or for reconsideration of, Claim 9, in light of intervening Supreme Court precedent. The court denied Mr. Runyon relief on Claim 6 on June 14, 2024, and denied relief on Claim 9 on August 6, 2024. Mr. Runyon's appeal will challenge the merits of both rulings, evidentiary and procedural issues from the hearing, as well as procedural deficiencies in the court's denial of Claim 6, the Claim 9 motion, and related rulings |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. The district court's denial of Mr. Runyon's ineffective assistance of counsel claim was contrary to law.<br><br>2. The district court made erroneous evidentiary rulings that infected the court's analysis and disposition of Mr. Runyon's ineffective assistance of counsel claim.<br><br>3. The district court's factual findings in the Claim 6 opinion were clearly erroneous and the result of a deficient fact-finding process.<br><br>4. The district court's refusal to allow Mr. Runyon to supplement or amend, or alternatively its refusal to reconsider, his Claim 9 was contrary to law.<br><br>5. Mr. Runyon's conviction and death sentence under 924(c) predicated on a 1958(a) conspiracy violation is invalid, as the Supreme Court recently clarified in United States v. Taylor, 142 S. Ct. 2015 (2022). |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: United States of America | Adverse Party: United States of America |
| Attorney: Lisa Rae McKeel, Asst. U.S. Attorney<br>Address: Suite 200<br>One City Center<br>11815 Fountain Way<br>Newport News, VA 23606<br><br>E-mail: lisa.mckeel@usdoj.gov<br><br>Phone: 757-591-4000 | Attorney: Brian James Samuels<br>Address: Suite 200<br>One City Center<br>11815 Fountain Way<br>Newport News, VA 23606<br><br>E-mail: brian.samuels@usdoj.gov<br><br>Phone: 757-591-4032 |

| **Adverse Parties (continued)** ||
|---|---|
| Adverse Party: United States of America | Adverse Party: |
| Attorney: Carrie Lee Ward<br>Address: U.S. Department of Justice<br>Criminal Division, Capital Case Unit<br>1331 F Street NW, Room 650<br>Washington, DC 20530-0000<br><br>E-mail: carrie.ward@usdoj.gov<br><br>Phone: 202-923-7154 | Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: David Anthony Runyon<br><br>Attorney: Kathryn Marshall Ali<br>Address: Ali & Lockwood LLP<br>          501 H Street NE, Suite 200<br>          Washington, DC 20002<br><br>E-mail: katie.ali@alilockwood.com<br><br>Phone: 202-651-2476 | Name: David Anthony Runyon<br><br>Attorney: Robert Edward Lee, Jr.<br>Address: 1155 Seminole Trail, #6391<br>          Charlottesville, VA 22906<br><br><br>E-mail: roblee@vcrrc.org<br><br>Phone: 434-817-2970 |

| **Appellant (continued)** ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Kathryn M. Ali     **Date:** 08/29/2024

**Counsel for:** David Anthony Runyon

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:          Date: