**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 24-2 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**UNOPPOSED SECOND MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S OPENING BRIEF AND THE APPENDIX**

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 60-day extension of time in which to file his opening brief in the above-captioned matter.

This is Mr. Runyon's second request for an extension. Mr. Runyon previously asked for a 120-day extension, with the consent of the government, which this Court granted. Since then, undersigned counsel have been unable to devote sufficient time to the case in light of numerous competing obligations, necessitating this request for a second extension. Undersigned counsel have conferred with counsel for the government, and the government does not object to the requested extension.

In support of this request, counsel for Appellant states the following:

1.      Mr. Runyon was tried and convicted of conspiracy to commit murder-

for-hire and associated crimes in the Eastern District of Virginia and sentenced to death. His conviction and sentence were affirmed by this Court, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and the Supreme Court of the United States denied certiorari, *Runyon v. United States*, 574 U.S. 813 (2014).

2.      Mr. Runyon timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. After the district court dismissed the motion without discovery or an evidentiary hearing, this Court granted a certificate of appealability as to four issues, and vacated the dismissal on one of those grounds. *See United States v. Runyon*, 994 F.3d 192, 204–09 (4th Cir. 2021). This Court remanded the case for an evidentiary hearing on Mr. Runyon's claim that his counsel was constitutionally ineffective in failing to investigate mitigating evidence of brain injury and potential mental illness (Claim 6 of his petition).

3.      The district court held a 15-day evidentiary hearing, with testimony from thirteen lay witnesses and six expert witnesses. Lay witnesses testified about Mr. Runyon's familial, medical, and psychosocial history. The expert witnesses offered dense, complex, and technical testimony interpreting brain scans, medical records, and other data points to assess Mr. Runyon's brain damage and its behavioral effects.

4.      After the hearing and months before the district court issued a decision on Claim 6, Mr. Runyon filed a motion to supplement and amend, or for

reconsideration of, Claim 9 of his 28 U.S.C. § 2255 motion, in light of intervening Supreme Court precedent (the "Claim 9 Motion"). ECF Nos. 915 & 916.

5. The district court denied relief on Claim 6 on June 14, 2024. ECF No. 921. Although Mr. Runyon's Claim 9 Motion remained pending, the clerk entered judgment on Claim 6 of Mr. Runyon's § 2255 Motion. ECF No. 923.

6. Because the district court had not yet ruled on Mr. Runyon's Claim 9 Motion, Mr. Runyon filed a Motion for Relief From Judgment Under Fed. R. Civ. P. 60 on July 11, 2024, arguing that the clerk's entry of judgment was premature because there was not yet a final order in the case. ECF No. 924.

7. On August 6, 2024, the district court denied relief on the Claim 9 Motion and denied Mr. Runyon's Rule 60 Motion. ECF No. 927. Mr. Runyon timely noticed an appeal.

8. This Court previously granted Mr. Runyon a 120-day extension, directing his counsel to file his opening brief and joint appendix by January 22, 2025. Mr. Runyon hereby asks for a 60-day extension, to and including March 24, 2025, for the following reasons.

9. First, since filing the last motion for extension, counsel have been unable to devote the time required to prepare Mr. Runyon's opening brief due to numerous deadlines in other cases. Counsel Ali prepared for and presented witnesses at a week-long evidentiary hearing in Kansas earlier this month in another death

penalty case, *State of Kansas v. Fielder*, No. 18-cr-640 (Wyandotte Cty. Dist. Ct.), and has unexpectedly had to participate in emergency briefing and related efforts in *Wood v. Wellpath*, No. 1:23-cv-811 (M.D.N.C.), due to the recent bankruptcy of defendant Wellpath. She also has four pending appeals, including two with overlapping briefing schedules, and one with a mediation during the briefing window for this case: *Agofsky v. BOP, et al.*, No. 24-2007 (7th Cir.) (oral argument was November 12, 2024), *Lowy, et al. v. Daniel Defense, et al.*, No. 24-1822 (4th Cir.) (reply brief due December 18, 2024), *Wall v. Rasnick*, No. 24-6859 (4th Cir.) (mediation January 9, 2025, and opening brief and appendix due February 6, 2025), and *Peninsula Pathology Associates v. American International Industries*, No. 23-1972 (4th Cir.) (currently held in abeyance). She has seven other active matters putting significant strain on her availability.

10.    Counsel Lee first appeared as counsel for Mr. Runyon on the first day of the November 2023 evidentiary hearing. Since this Court granted the first extension on August 23, 2024, Lee's ability to review materials related to this appeal of the remand and February and November evidentiary hearings was limited due to responsibilities in the cases of two other death-sentenced clients in state and federal courts. The first death-sentenced client had a September 20, 2024, execution date in South Carolina, and there was related litigation in state and federal courts and executive clemency efforts in that case. *See, e.g.*, *State v. Owens*, Appellate Case

4

No. 2024-001397 (S.C. Sept. 19, 2024). The September 20th execution was followed immediately by litigation in the case of a client sentenced to death in Mississippi, involving the application and impact on federal § 2254 review of recent legal changes regarding the ability of death-sentenced inmates in Mississippi to exhaust claims in state court proceedings. *Batiste v. Cain*, No. 1:22-cv-00108 (N.D. Miss.). The most recent round of pleadings related to this issue were completed on November 12, 2024. The requested extension is needed to allow Counsel Lee sufficient time to review relevant materials and contribute to the identification, development, and presentation of matters for Mr. Runyon's appeal.

11. As noted in Mr. Runyon's first motion for extension, this is a case of substantial complexity, numerous evidentiary issues from the district court's 15-day hearing, and an expansive record, including a 2,500-page transcript and 175 exhibits from the evidentiary hearing alone. Undersigned counsel are both relatively new to this case, which began in 2008: Counsel Ali was appointed in May 2023, and Counsel Lee was appointed in November 2023.

Given the complexity of these issues and the stakes of this capital case, counsel for Appellant cannot conduct the careful briefing and thorough research needed to provide this Court with a professionally adequate appellate brief by January 22, 2025.

12.  Good cause exists for the extension, and this motion is not made for any improper purpose or delay. The interests of the government are not harmed by granting Mr. Runyon's request.

**CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully request that the Court extend Appellant's deadline to file his opening brief to March 24, 2025.

Dated: November 25, 2024

/s/ *Kathryn M. Ali*
Kathryn M. Ali
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
Telephone: 202-651-2475
katie.ali@alilockwood.com

Robert Lee
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone: 434-817-2970
roblee@vcrrc.org

*Counsel for Appellant David Runyon*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,149 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2024, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*