**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA, )
)
          Plaintiff-Appellee, )     No. 24-2
)
    v. )
)
DAVID ANTHONY RUNYON, )
)
          Defendant-Appellant. )

**MOTION TO HOLD PROCEEDINGS IN ABEYANCE
PENDING RESOLUTION OF THE SUPREME COURT'S
MERITS REVIEW IN *RIVERS V. LUMPKIN*__**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 12(d), Appellant David Anthony Runyon hereby moves to hold this appeal in abeyance pending the resolution of merits review by the Supreme Court of the United States in *Rivers v. Lumpkin*, No. 23-1345. In support of this request, Mr. Runyon states the following:

1.     Mr. Runyon timely noticed an appeal of several orders by the district court, including, *inter alia*: (i) the Order and Judgment entered June 14, 2024 (ECF Nos. 921, 923) and (ii) the Order entered August 6, 2024 (ECF No. 927). The first Order concerned Mr. Runyon's claim of penalty-phase ineffective assistance of counsel. On December 23, 2024, Mr. Runyon was granted executive clemency as to his death sentence, which moots that claim for relief and narrows the issues before this Court.

2. Following the grant of clemency, this appeal now concerns only the second Order (ECF No. 927), in which the district court ruled that it was jurisdictionally barred from considering Mr. Runyon's motion for leave to amend "Claim 9" of his petition for relief under 28 U.S.C. § 2255, or, in the alternative, for reconsideration of the disposition of that claim ("the motion to amend").

3. Claim 9 seeks relief from Mr. Runyon's conviction and sentence under 18 U.S.C. § 924(c). In the motion to amend, Mr. Runyon argued that he is entitled to relief on this claim in light of Supreme Court precedent issued after this Court's decision in Mr. Runyon's previous appeal, in which this Court affirmed the denial of Claim 9 but remanded to the district court as to another claim. *See United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021).[1] The proposed amendment to Claim 9 was presented to the district court based on intervening Supreme Court precedent, and before the court had entered final judgment. Therefore, both the motion to amend and the amended claim 9 were properly before the court. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320 (2010); *In re Gray*, 850 F.3d 139 (4th Cir. 2017).

The district court, however, held that the motion to amend was a "successive habeas petition," pursuant to 28 U.S.C. §§ 2244 and 2255(h). *See* Mem. Op. at 11–

---

[1] One member of the panel disagreed with the majority's analysis of Claim 9, but determined he "would not reach that claim at this stage because the appropriate adjudication of Runyon's *Batson* claim could result in a new trial." *Runyon*, 994 F.3d at 213 (Gregory, J., concurring and dissenting).

16, *United States v. Runyon*, 4:08-cr-00016 (E.D. Va. Aug. 6, 2024), ECF No. 927.

The court acknowledged that there was a split among the federal courts of appeals

about how to apply restrictions on successive habeas petitions. *Id.* at 11. The district

court chose to adopt the approach set out in *Rivers v. Lumpkin*, 99 F.4th 216 (5th

Cir. 2024),[2] and based on the reasoning in that case, held that it lacked jurisdiction

to consider Mr. Runyon's amended claim. *See Runyon*, Mem. Op. at 15–16.

4.      On December 6, 2024, the Supreme Court of the United States granted

certiorari in *Rivers v. Lumpkin*, No. 23-1345. The Question Presented proposed that

the Court resolve a three-way split in the federal courts of appeals about the proper

application of 28 U.S.C. § 2244 in determining whether and how courts of appeals

address "second-in-time" filings made under the federal habeas statutes:

> Whether § 2244(b)(2) applies (i) only to habeas filings made after a prisoner has exhausted appellate review of his first petition, (ii) to all second-in-time habeas filings after final judgment, or (iii) to some second-in-time filings, depending on a prisoner's success on appeal or ability to satisfy a seven-factor test.

Pet. Cert. at i, *Rivers v. Lumpkin*, No. 23-1345 (June 24, 2024); *see also*

https://www.supremecourt.gov/qp/23-01345qp.pdf. The Petition described the split

---

[2] *Rivers* held that a second-in-time habeas petition is a successive petition (and subject to more stringent pleading requirements) where it is filed while appeal of the original habeas petition is pending, while other circuits held that such a petition was *not* successive. *See Runyon*, Mem. Op. at 15–16.

among the courts of appeals:

> The Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits hold that § 2244(b)(2) categorically applies to all second-in-time habeas filings made after the district court enters final judgment. The Second Circuit disagrees, applying § 2244(b)(2) only after a petitioner exhausts appellate review of his initial petition. And the Third and Tenth Circuits exempt some second-in-time filings from § 2244(b)(2), depending on whether a prisoner prevails on his initial appeal (Third Circuit) or satisfies a seven-factor test (Tenth Circuit).

*Id.*[3]

5.      Pursuant to Local Rule 12(d), this Court may "place a case in abeyance pending disposition of matters before . . . other courts which may affect the ultimate resolution of an appeal." That power is consistent with federal courts' broad discretion to "stay proceedings . . . incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (*quoting Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)).

6.      Here, the Supreme Court's resolution of the question presented in *Rivers* "may affect" the resolution of this appeal. Indeed, as the Supreme Court is considering the validity of the successive petition test applied by the district court to

---

[3] Notably, this Court has not established its position among its divided sister circuits. By granting Mr. Runyon's motion, this Court will efficiently gain the benefit of the Supreme Court's guidance on this issue.

dispose of Mr. Runyon's motion to amend—a test that the district court recognized was in conflict with the standard in other circuits—this Court's assessment on appeal of, and the parties briefing on, the correctness of the district court's ruling may benefit substantially from the Supreme Court's upcoming opinion in *Rivers*. It would be inefficient for the parties to brief, and the Court to consider, arguments regarding the application of restrictions on successive habeas petitions without the opportunity to review and incorporate the Supreme Court's analysis and ruling. Holding this appeal in temporary abeyance so that the parties and Court can consider the Supreme Court's merits decision in *Rivers* will not cause the government any undue delay or prejudice, especially given that Mr. Runyon is serving and will continue to serve his sentence throughout the period of abeyance. The additional time is warranted by the likely significance of *Rivers* to Mr. Runyon's appeal in this capital case.

## CONCLUSION

For the foregoing reasons, Mr. Runyon respectfully requests that the Court hold this appeal in abeyance pending merits resolution by the Supreme Court of the United States of the relevant issue under review in *Rivers v. Lumpkin*, No. 23-1345.

Dated: February 20, 2025

/s/ *Kathryn M. Ali*
Kathryn M. Ali
ALI & LOCKWOOD LLP
501 H Street N.E., Suite 200
Washington, D.C. 20002
Telephone: 202-651-2475
katie.ali@alilockwood.com

Robert Lee
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone: 434-817-2970
roblee@vcrrc.org

*Counsel for Appellant David Runyon*

# LOCAL RULE 27(A) CERTIFICATION

The undersigned has conferred with counsel for the United States about the content of the foregoing motion. Counsel for the United States indicated that the government intends to oppose the motion.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,148 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*