| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-2 |
| | ) | |
| David Anthony Runyon, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## United States' Response in Opposition to Motion to Place Case in Abeyance

Appellant, David Anthony Runyon, (hereinafter "Runyon"), has moved the Court to place this appeal in abeyance pending the resolution of merits review by the Supreme Court of the United States in *Rivers v. Lumpkin*, No. 23-1345. The United States opposes the request to place this appeal in abeyance and submits that the resolution of the *Rivers* case will not affect the ultimate resolution of this appeal.

## Procedural History

The lengthy procedural history of this matter is contained in many prior pleadings and thus, the United States will only set forth the history relevant to the current appeal. ECF Nos. 915, 916, 917, 918, 921, 923, 924.[1]

---

[1] All ECF citations refer to filings docketed in the district court case, *United States v. David Runyon*, No. 4:08-cr-16-3 (E.D. Va.).

In July 2009, a jury found Runyon guilty of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958(a); carjacking resulting in death, in violation of 18 U.S.C. § 2119; and murder with a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1), (j)(1). The jury recommended that Runyon be sentenced to death, and the district court entered judgment accordingly. This Court affirmed Runyon's convictions and sentence on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). The Supreme Court denied Runyon's petition for a writ of certiorari. *Runyon v. United States*, 574 U.S. 813 (2014).

In October 2015, Runyon filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, and in February 2016, he filed an amended § 2255 motion. ECF Nos. 478, 511. Runyon raised eighteen claims for relief, two of which are relevant here. Claim Six alleged that his trial counsel provided ineffective assistance by failing to investigate and present mitigating evidence of Runyon's brain injury and possible mental illness. *See Runyon v. United States*, 228 F. Supp. 3d 569, 609–10 (E.D. Va. 2017), *aff'd in part, vacated in part, United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021). Claim Nine asserted that his § 924(j) conviction was invalid because neither conspiracy to commit murder for hire nor carjacking resulting in death categorically qualifies as a crime of violence under § 924(c)(3)(A) after *Johnson v. United States*, 576 U.S. 591 (2015). *Runyon*, 228

F. Supp. 3d at 630. The district court denied Runyon's claims and declined to issue a certificate of appealability. *Id.* at 670.

In August 2019, the Court granted a certificate of appealability on four issues, including Claims Six and Nine. *United States v. Runyon*, 994 F.3d 192, 197 (4th Cir. 2021).

In February 2021, after briefing and argument, the Court denied Claim Nine on the merits. The Court had "recently held that a conviction under § 2119 is categorically a conviction for a crime of violence, and that holding controls here." *Id.* at 201 (citing *United States v. Evans*, 848 F.3d 242, 245 (4th Cir. 2017)). The Court also held that conspiracy to commit murder for hire where death results is a crime of violence under § 924(c)(3)(A). *Id.* at 202–04. As for Claim Six, however, the Court determined that an evidentiary hearing was necessary to determine whether trial counsel "made a strategic choice not to pursue the potentially mitigating evidence after a reasonable investigation." *Id.* at 208. Accordingly, the Court vacated the district court's order to the extent it dismissed Claim Six and remanded that claim for an evidentiary hearing. *See id.* at 212. "Otherwise," the Court "affirm[ed]." *Id.*

In June 2022, Runyon filed a supplemental memorandum regarding Claim Nine of his § 2255 motion, arguing that the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021), supported his challenge to his § 924(j)

conviction. ECF No. 679. The district court construed the supplement as a successive § 2255 motion and denied it because Runyon had not obtained this Court's authorization before filing it. ECF No. 680. The court declined to issue a certificate of appealability. *Id.* at 3.

In August 2022, Runyon moved to recall this Court's mandate and for leave to file an untimely petition for panel rehearing or rehearing en banc, claiming that the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), abrogated this Court's holding with respect to conspiracy to commit murder for hire resulting in death as a predicate crime of violence. *See United States v. David Runyon*, No. 17-5 (4th Cir. Aug. 24, 2022), Doc. No. 116. The Court denied Runyon's motion, Doc. No. 123, and denied Runyon's untimely petition for rehearing en banc, Doc. No. 125.

Meanwhile, on remand, the district court conducted a fifteen-day evidentiary hearing on Runyon's ineffective-assistance claim. Those proceedings concluded in November 2023. ECF No. 892.

In April 2024, Runyon moved for leave to supplement and amend Claim Nine of his § 2255 motion based on *Taylor*, and, alternatively, for reconsideration of Claim Nine of his § 2255 motion. ECF No. 915.

In June 2024, the district court issued a 98-page opinion denying Claim Six, finding that trial counsel's performance was objectively reasonable. ECF No. 921.

The court declined to issue a certificate of appealability. *Id.* at 98. The court entered a judgment order the same day. ECF No. 923.

In July 2024, Runyon filed a motion for relief from judgment under Federal Rule of Civil Procedure 60. ECF No. 924. Runyon argued that the district court could not enter final judgment until it resolved his pending motion to supplement and amend or reconsider his challenge to his § 924(j) conviction in Claim Nine. *Id.* at 2–4.

In August 2024, the district court issued a memorandum order denying Runyon's motion for leave to supplement and amend or reconsider Claim Nine. The court concluded that Runyon's proposed amendment to Claim Nine was a successive § 2255 motion, for which he had not obtained this Court's authorization to file. *Id.* at 7–16. Additionally, the court determined that Runyon's effort to reopen Claim Nine was beyond the scope of this Court's mandate on remand. *Id.* at 16–17. The court also denied Runyon's motion for relief from judgment, reasoning that the outstanding motion at the time the Clerk entered judgment merely requested "permission to reassert" a challenge to his § 924(j) conviction and "did not present a claim for relief." *Id.* at 19. The court declined to issue a certificate of appealability. *Id.*

Runyon noted his appeal of both the June 2024 order denying Claim Six on the merits and the August 2024 order denying leave to amend Claim Nine. ECF 931.

On December 6, 2024, the Supreme Court granted the petition for a writ of certiorari in *Rivers v. Lumpkin*, No. 23-1345, --- S.Ct. ---, 2024 WL 4997858 (U.S. Dec. 6, 2024). The question presented in *Rivers* is whether 28 U.S.C. § 2244(b)(2) applies only to habeas filings made after a prisoner has exhausted appellate review of his first petition, to all second-in-time habeas filings after final judgment, or only to some second-in-time habeas filings. *See* Petition for a Writ of Certiorari at i, *Rivers v. Lumpkin*, No. 23-1345, 2024 WL 3243743 (U.S. June 24, 2024). The case is set for argument on March 31, 2025.

On December 23, 2024, President Joseph R. Biden commuted Runyon's death sentence to a sentence of life imprisonment. ECF No. 936. Accordingly, Runyon no longer challenges the district court's order denying Claim Six, his claim of ineffective assistance of counsel at the penalty phase of his trial. Doc. No. 18 at 1–2. He seeks to challenge only the district court's order denying leave to amend Claim Nine. *Id.* at 2.

### Analysis

Runyon seeks to appeal the district court's order denying leave to supplement and amend Claim Nine of his § 2255 motion, or to reconsider its ruling denying

6

relief on that Claim. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate of appealability is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). That order is not appealable "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Court "may issue" a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies relief on procedural grounds, a certificate of appealability "should issue" when the applicant shows that (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253 "mandates that both showings be made before the court of appeals may entertain the appeal." *Id.*

Runyon asks the Court to hold this appeal in abeyance pending the Supreme Court's decision in *Rivers* because the district court applied the Fifth Circuit's reasoning in *Rivers v. Lumpkin*, 99 F.4th 216 (5th Cir. 2024), to conclude that his motion for leave to amend Claim Nine constituted a second or successive § 2255 motion. Doc. No. 18 at 2–5. Under Local Rule 12(d), "the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an

7

appeal." The United States opposes the request to place this appeal in abeyance pending the Supreme Court's decision in *Rivers* for two reasons.

First, regardless of whether Runyon's filing constituted a second or successive § 2255 motion, the district court properly denied Runyon's motion for leave to amend on the ground that it was beyond the scope of this Court's mandate. ECF No. 927 at 16–17. The mandate rule "requires district courts to 'implement both the letter and spirit' of [this Court's] mandate after [it] decide[s] a case on appeal." *R.A. v. McClenahan*, 122 F.4th 143, 146 (4th Cir. 2024) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)). Absent "exceptional circumstances," the mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decide by the appellate court." *Bell*, 5 F.4th at 66.

In ruling on Runyon's § 2255 appeal, the Court vacated the district court's order only to the extent it denied relief on Claim Six, the ineffective-assistance claim, and remanded for an evidentiary hearing. *See Runyon*, 994 F.3d at 209, 212. Thus, the mandate "contained precise and unambiguous instructions, and directed the court to do only one thing on remand": conduct an evidentiary hearing to resolve the factual disputes on Claim Six. *Bell*, 5 F.3d at 67. As for Claim Nine, however, the Court affirmed the district court's denial of that claim on the merits, holding that both conspiracy to commit murder for hire resulting in death and carjacking resulting

in death categorically qualify as predicate crimes of violence under § 924(c)(3)(A). *Runyon*, 994 F.3d at 199–204. This Court has made clear that "any issue conclusively decided by this court on the first appeal is not remanded." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2011) (internal quotation marks omitted). Accordingly, the district court correctly determined that Runyon's proposed amendment to Claim Nine was "outside the scope of the Fourth Circuit's mandate." ECF No. 927 at 16.

This Court has recognized that a district court may "possess some limited discretion to reopen [an] issue in very special situations." *Bell*, 5 F.3d at 67 (internal quotation marks omitted). These "exceptions are meant to account for truly 'extraordinary circumstances,' not to provide a second bite at the apple." *R.A.*, 122 F.4th at 148. Here, the district court considered whether extraordinary circumstances to reopen Claim Nine existed but concluded that Runyon had neither shown that "controlling legal authority has changed dramatically" nor that "a blatant error in the prior decision will, if uncorrected, result in a serious injustice." ECF No. 927 at 16–17 (quoting *United States v. Cannady*, 63 F.4th 259, 267 (4th Cir. 2023)). The court declined to expand the mandate to consider the effect of *Taylor* on Claim Nine given that this Court had "expressly declined" to do so by denying Runyon's motion for leave to recall the mandate. *Id.* at 17. That decision was proper, given that Runyon's effort to relitigate Claim Nine "attempted to drag [the court] back into the merits of the exact claim that was fully briefed and decided in the [prior] appeal."

9

*R.A.*, 122 F.4th at 149. The district court's application of the mandate rule has nothing to do with the question presented in *Rivers* and will not be affected by the disposition of that case.

Second, regardless of the district court's procedural ruling, Runyon's motion for leave to amend Claim Nine fails to state a debatable claim of the denial of a constitutional right. In 2021, the Court had the benefit of the Supreme Court's decisions in *Johnson* and *United States v. Davis*, 588 U.S. 445 (2019), when it held that both conspiracy to commit murder for hire resulting in death and carjacking resulting in death are valid predicates supporting Runyon's § 924(j) conviction because both offenses categorically require the use, attempted use, or threatened use of force. *Runyon*, 994 F.3d at 201–04. Since the Supreme Court issued its decision in *Taylor*, this Court has repeatedly reaffirmed its holding that carjacking is a crime of violence. *See United States v. Fulks*, 120 F.4th 146, 157–58 (4th Cir. 2024); *United States v. Draven*, 77 F.4th 307, 316 (4th Cir. 2023). The Court reasoned that *Taylor* "did not overrule" this Court's decisions in *Runyon* and *Draven* because *Taylor* "has no bearing on *completed* carjacking." *Fulks*, 120 F.4th at 158. And because carjacking resulting in death remains a valid § 924(c) predicate, the Court "need not reach" the validity of conspiracy to commit murder for hire resulting in death. *Draven*, 77 F.4th at 320. Accordingly, jurists of reason would not find it debatable that Runyon's motion for leave to amend fails to state a valid claim of the

10

denial of a constitutional right.  Because the Supreme Court's decision in *Rivers* is irrelevant to the merits of Claim Nine, holding the appeal in abeyance for that decision would simply delay, and not assist in the resolution, of this appeal.

## Conclusion

For the foregoing reasons, the government opposes placing this appeal in abeyance pending the decision in *Rivers*.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:                 /s/             

Lisa R. McKeel
Assistant United States Attorney
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
(757) 591-4000

# Certificate of Compliance

I certify that this motion response was written using 14-point Times New Roman typeface and Microsoft Word 2016. I further certify that this brief does not exceed 5,200 words, as required by Federal Rule of Appellate Procedure 27(d)(2)(A), and is specifically 2493 words. I understand that a material misrepresentation can result in the Court's striking the response and imposing sanctions.

By: _____/s/_____

Lisa R. McKeel
Assistant United States Attorney