**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 24-2 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**REPLY IN SUPPORT OF MOTION TO HOLD PROCEEDINGS IN
ABEYANCE PENDING RESOLUTION OF THE SUPREME COURT'S
MERITS REVIEW IN *RIVERS V. LUMPKIN***

Mr. Runyon seeks to appeal the district court's decision to adopt the Fifth

Circuit's reasoning in *Rivers v. Lumpkin*, 99 F.4th 216 (5th Cir. 2024), in concluding

that it lacked jurisdiction to consider the merits of Mr. Runyon's amended "Claim

9" to his § 2255 petition. The viability of the Fifth Circuit's decision in *Rivers*—

which the Supreme Court has determined to review, in a case set for argument in

just a few weeks—is a "matter . . . which may affect the ultimate resolution of [Mr.

Runyon's] appeal." Local Rule 12(d). The government does not argue otherwise.

Instead, the government leapfrogs ahead to the merits. Its arguments not only are

premature and contrary to the standard of review this Court applies in determining

whether to hold a case in abeyance, they also are wrong.

For these reasons, and those set forth in the Motion, Mr. Runyon respectfully

requests that this Court issue a brief, temporary abeyance pending the Supreme

Court's decision in *Rivers*.

## ARGUMENT

**1.    The Government Does Not Dispute That the Supreme Court's Disposition of *Rivers* May Affect the Resolution of this Appeal.**

The central question for the Court on this Motion is whether the Supreme Court's disposition of *Rivers* "may affect the ultimate resolution of [this] appeal." L.R. 12(d) ("In the interest of docket control the Court may . . . place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal."). This standard is easily satisfied here, and the government does not even attempt to argue otherwise.

In denying relief on Claim Nine of Mr. Runyon's § 2255 petition, the district court acknowledged an existing circuit split about how to apply restrictions on successive habeas claims and petitions. The district court chose to follow the Fifth Circuit's decision in *Rivers*, 99 F.4th at 222, over which the Supreme Court then granted review—in a case that will be argued later this month and decided this term. Relying on *Rivers*, the district court held it did not have jurisdiction to consider Mr. Runyon's amended Claim Nine unless Mr. Runyon first satisfied the onerous standard for consideration of a successive habeas petition. Mem. Order at 9–11, 15–16, *Runyon v. United States*, No. 4:15-cv-108 (Aug. 6, 2024), ECF No. 927.

The government does not dispute that *Rivers* played a pivotal role in the district court's determination not to reach the merits of Mr. Runyon's amended

2

constitutional claim. Nor does the government contest that the Supreme Court's disposition of *Rivers* could impact this appeal. The only argument the government makes about *Rivers* anywhere in its brief is that the Supreme Court's forthcoming decision will be "irrelevant *to the merits of Claim Nine*." United States' Response in Opposition to Motion to Place Case in Abeyance at 11, ECF No. 21 ("Opp.") (emphasis added). That puts the cart before the horse. The crux of Mr. Runyon's appeal is that the district court never reached the merits of Claim Nine because, citing *Rivers*, it determined it was procedurally barred from doing so.

The government's suggestion that the Court need not wait for the *Rivers* decision because, in its view, Mr. Runyon's appeal fails anyway is both wrong and not the right question at this stage. In the context of an abeyance motion, the question is whether the disposition of a pending case "may affect" the appeal, and an issue that could alter a fundamental jurisdictional question at the heart of the case plainly meets that test.

In these circumstances, judicial economy favors temporarily pausing this appeal. An abeyance pending the Supreme Court's disposition in *Rivers* would mean only a brief delay; proceeding with the appeal now could mean significant expenditure of resources on litigating legal issues that could be significantly altered. It makes little sense to expend judicial or party resources at this stage to chase a moving target.

**2.      The Government Also Does Not Dispute That It Would Face No Prejudice From an Abeyance.**

That an abeyance is the most prudent course is underscored by the fact that the government would face no prejudice if this Court briefly pauses this appeal—another point the government does not contest. Briefs of the parties in *Rivers* have been submitted, and the case is scheduled for oral argument on March 31, 2025, allowing the Court plenty of time to resolve the case before the end of the current term in June.[1] And throughout this entire period, Mr. Runyon will be serving the sentence imposed on him for the crime at issue, so there will be no disruption or interference with the government's ability to carry out that sentence.

**3.      The Government's Merits Arguments are Premature, Irrelevant to the Disposition of this Motion, and Incorrect in Any Event.**

To try to avoid the conclusion that *Rivers* clearly affects a core issue in this appeal, the government pivots to arguing why it should win on other grounds. Specifically, the government asks the Court to conclude—without the benefit of briefing by the parties—that the district court properly refused to consider Mr. Runyon's motion for leave to amend Claim Nine because "it was beyond the scope of this Court's mandate," Opp. 8, and that amended Claim Nine fails to state a claim because Mr. Runyon's jurors might have based his conviction on the alternative

---

[1] *See* Docket, *Rivers v. Lumpkin*, No. 23-1345, available at: https://www.supremecourt.gov/search.aspx?filename= /docket/docketfiles/html/public/23-1345.html.

"carjacking" predicate, which has been recognized to be "a crime of violence," *id.* 10. These issues are irrelevant to the disposition of this abeyance motion, which concerns an entirely separate legal issue in the case.

The government is also wrong on both points. The mandate rule did not preclude the district court from reaching this issue, as Mr. Runyon has previously argued, and intends to brief when this case reaches merits briefing. Briefly, a habeas petitioner may "resurrect[] an issue on remand" where there is a showing either that "controlling legal authority has changed dramatically" or "that a blatant error in the prior decision will, if uncorrected, result in serious injustice." *United States v. Cannady*, 63 F.4th 259, 267(4th Cir. 2023) (quoting *United States v. Bell,* 5 F.3d 64, 67 (4th Cir. 1993)). Both exceptions are present here. First, as in *Cannady*, an intervening legal decision (*Taylor*) "marked a clear change in precedent and satisfied the first exception to the mandate rule." *Id.* at 268. Second, it cannot be contested that imposing a capital sentence based on a ruling that is now known to be erroneous would constitute a serious injustice.

Nor does the existence of the alternative carjacking predicate in the Section 924(c) charge overcome the constitutional violation. The government's contrary argument turns on a fact-intensive inquiry into what predicate the jury relied on to

reach its verdict, which is not apparent from the verdict form.[2] No court has analyzed this question, and this Court should not pass upon it now, in the context of an abeyance motion and without the benefit of full briefing.

But, once again, this Court does not need to reach any of this to determine that an abeyance is warranted.

## CONCLUSION

The government has offered no good reason for this Court to deny itself and the parties the benefit of the Supreme Court's upcoming decision in *River v. Lumpkin*. Accordingly, and for the foregoing reasons, Mr. Runyon respectfully requests that the Court hold this appeal in abeyance pending merits resolution by the Supreme Court of the United States of the relevant issue under review in *Rivers v. Lumpkin*, No. 23-1345.

Dated: March 4, 2025

/s/ *Kathryn M. Ali*
Kathryn M. Ali
Meghan Palmer
ALI & LOCKWOOD LLP
501 H Street N.E., Suite 200
Washington, D.C. 20002
Telephone: 202-651-2475
katie.ali@alilockwood.com

---

[2] As this Court noted previously, "In [Mr. Runyon's] case, the jury was not asked to indicate in its verdict form whether it was relying on conspiracy to commit murder for hire or carjacking in finding Mr. Runyon guilty under § 924(c)(1), (j)(1)." *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2020).

Robert Lee
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Telephone: 434-817-2970
roblee@vcrrc.org

*Counsel for Appellant David Runyon*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,314 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Kathryn M. Ali*
Kathryn M. Ali

*Counsel for Appellant David Runyon*