
April 4, 2025

**VIA CM/ECF**

Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *United States of America v. David Anthony Runyon*, No. 24-2

Dear Ms. Anowi,

We represent Appellant David Runyon in the above-referenced appeal and write to bring to the Court's attention statements made by counsel for the United States at oral argument before the Supreme Court of the United States in *Rivers v. Guerrero*, No. 23-1345. Given the posture of this appeal, it is unclear whether Petitioner will have an opportunity for further briefing in support of his request for a certificate of appealability, so he files this authority now pursuant to Federal Rule of Appellate Procedure 28(j).

As Appellant explained in his brief, although the district court below relied heavily on the Fifth Circuit's decision in *Rivers v. Lumpkin*, 99 F.4th 216 (5th Cir. 2024), to deny relief, *Rivers* raises a different question than this case because *Rivers* did not involve a situation where a petitioner filed an amendment to his original petition in district court while on remand after a successful appeal, as Appellant did here. *See* Dkt. 24 at 14 n.3, 27–28. During oral argument on March 31, counsel for the United States drew this distinction expressly, stating:

> [I]f the court of appeals has vacated the judgment on a first application for some reason other than just clearing the way for amendment and the case goes back to the district court, . . . in that case the [ ] prisoner is in the same posture as pre-judgment before the case went up on appeal, and they can seek to amend as permitted under Rule 15.

Transcript of Oral Argument at 51:18–52:10, *Rivers v. Guerrero,* No. 23-1345 (U.S. 2025). *See also id.* 53:16–22 (If "the court of appeals vacates and remands for some other reason . . . there could be an opportunity for amendment in those circumstances."). These statements underscore that the district court's reliance on *Rivers* was erroneous, and suggest that the position of the United States is consistent with Mr. Runyon's in this appeal—that a habeas petitioner can amend on remand after a successful appeal without transgressing AEDPA's second or successive limitation.

Respectfully submitted,

*/s/ Kathryn M. Ali*

Kathryn M. Ali

*Counsel for Appellant David Anthony Runyon*

Cc: All counsel of record (via CM/ECF)